**SIGNED.**

**Dated: February 9, 2012**



*Randolph J. Haines*

**Randolph J. Haines, Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DEXTER DISTRIBUTING CORPORATION, et al., | ) ) | CASE NO. 2-03-bk-03546-RJH |
| | ) | (Jointly Administered Cases Nos. |
| Debtors. | ) | 2-03-bk-03548-RJH and 2-03-bk-04695-RJH |
| _____ | ) ) | through 2-03-bk-04710-RJH) 2-03-bk-05427-RJH |
| EDWARD (TED) BURR, as Trustee for | ) | 2-03-bk-11513-RJH |
| the DEXTER LIQUIDATING TRUST, | ) | 2-03-bk-11515-RJH |
| | ) | 2-03-bk-04238-RJH |
| Plaintiff, | ) | 2-07-bk-01017-RJH |
| | ) | 2-07-bk-01018-RJH |
| v. | ) | 2-07-bk-01019-RJH and |
| | ) | 2:08-bk-05785 |
| VERN SCHWEIGERT, et al., | ) | |
| | ) | Adversary No. 2:09-ap-00244-RJH |
| Defendants. | ) | |
| | ) | MEMORANDUM DECISION |
| _____ | ) | |

By agreement, trial in this matter was limited to the Trustee's preference claims. Insolvency at the time of the transfers is therefore a key threshold showing on which the Trustee has the burden of proof. I find that the Trustee did not carry the burden of proving insolvency as of the time of the challenged transfers, and must therefore conclude that judgment must be granted in favor of Biltmore and Schweigert.

The solvency of an operating business is often not easy to determine. That task is even more difficult when it is not attempted until more than four years after the fact. And in this case the job is made even more difficult by the fact that both the general economy and real estate values were in steep and dramatic decline at the relevant time period, at a rate and extent that is unprecedented in the memory and experience of anyone who is not far past retirement. And it is particularly difficult when both sides have either expressly or implicitly given conflicting opinions.

For an operating business, the capitalization of earnings approach is more appropriate than an asset valuation, which necessarily fails to give sufficient value to good will and other going concern values. And a multiple of EBITDA is a very rough approximation of an appropriate capitalization of earnings. Nevertheless, since it is possible to derive that multiple from the actual sale of the business that took place several months later, such evidence and analysis could provide an adequate basis for determination of solvency or insolvency as of the date of the challenged transfers. Based on the evidence presented, the Court has no reason to believe that the appropriate multiple for a business of this kind would have been significantly different in March, 2007 from what it was as of the time of the actual sale.

But the same cannot be said of the real estate values that must also be considered. Unfortunately, the Trustee relied on appraisals of those real estate values that were effective only as of September, 2007, not as of March 2007 or any earlier date of a challenged transfer. In an ordinary economy it may be entirely possible for a litigant to carry a burden of proof as to value based on an assumption, or perhaps judicial notice, that real estate values do not change significantly in the course of six months. But here there is no evidence to support that assumption, and given Mr. Burr's admission that both the economy and real estate values were in "steep decline" between March and September of 2007, it is not an assumption that can be sustained on this record.

Moreover, there is uncontroverted evidence that the assumption of such price stability is not valid, and that the difference between the actual fair market value of the Debtor's properties in March of 2007 and Mr. Burr's values could very likely be millions of dollars.

Perhaps the best example is the Medford property. Mr. Burr testified that he assumed it had no equity value as of the petition date based solely on the fact that stay relief was granted and it was foreclosed upon several months later. But Mr. Schweigert testified that as of the petition date there was a ready and willing buyer at a price that would net $750,000 in equity for the estate. And the Court may also take judicial notice of the record and proceedings in the bankruptcy case. When stay relief was granted as to the Medford property, several months after the alleged preferential transfer dates, it was not because of a lack of equity but because of a lack

of adequate protection and any confirmable plan being reasonably in prospect. Indeed, it is the Court's recall that the Debtor strenuously resisted stay relief by contending that substantial equity existed (see, *e.g.*, Dkt #1847). Thus for just this one property there could exist a $750,000 difference in value between Mr. Burr's assumption and the actual fair market value as it existed on the date of the transfers.

Moreover, Mr. Schweigert testified that as of the petition date, the real estate had a value of between $25 and $29 million. This was admitted as an owner's opinion of value. While ordinarily an owner's opinion, although admissible, would carry less weight and credibility than that of a certified MAI appraiser, in the case this owner's opinion was supported by valid offers from ready, willing and able buyers, which ultimately failed to close only due to a lack of financing, which may well have been caused by the credit crunch rather than prospective lenders' differing views as to value. An actual offer, by a sophisticated buyer, actually made at the relevant time, may provide more credible evidence of fair market value than an appraiser's conclusion several months later.

Evidence of solvency also exists in the then-pending offer of ANMP to exchange its $9.5 million claim for 40% equity interest. This is particularly true because ANMP was not an unsophisticated creditor.

For these reasons the Court must find and conclude that the Trustee has failed to carry his burden of proving that the Debtor was insolvent at the time of the challenged transfers to Biltmore and Schweigert. It is therefore not necessary to reach any of the other issues that were tried. Biltmore/Schweigert are requested to upload an appropriate form of judgment.

DATED AND SIGNED ABOVE

Copy of the foregoing e-mailed
this 9th day of February, 2012, to:

John M. O'Neal, Esq.
Quarles & Brady LLP
john.oneal@quarles.com
Attorneys for Edward (Ted) Burr, as Trustee
  for Dexter Liquidating Trust

1 /

2 /

3 /

4 Isaac Rothschild, Esq.
Frederick J. Petersen, Esq.
5 Mesch, Clark & Rothschild, P.C.
irothschild@mcrazlaw.com
6 fpetersen@mcrazlaw.com
Attorneys for Biltmore Associates and
7      Vern and Rosemary Schweigert

8

9   /s/ Pat Denk
Judicial Assistant